IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

GEORGE W. CAMPBELL,                §
                                   §
            Plaintiff,             §
                                   §
v.                                 §
                                   §    CIVIL ACTION NO. H-14-2794
BRAVO CREDIT, MORTGAGE             §
ELECTRONIC REGISTRATION            §
SYSTEMS, INC., and DLJ             §
MORTGAGE CAPITAL, INC.,            §
                                   §
            Defendants.            §

## MEMORANDUM OPINION AND ORDER

Plaintiff George W. Campbell ("Campbell" or "Plaintiff") brought this action against Defendants Bravo Credit ("Bravo"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and DLJ Mortgage Capital, Inc. ("DLJ") in the 295th Judicial District of Harris County, Texas.[1]   DLJ timely removed.[2]   MERS is a named defendant and consented to removal,[3] but Plaintiff has not pleaded any causes of action against MERS.  According to DLJ, "Bravo is

---

[1] Cause No. 2014-45560.

[2] See Notice of Removal, Docket Entry No. 1.

[3] Consent to Removal by Defendant Mortgage Electronic Registration Systems, Inc., Docket Entry No. 4.

defunct."[4] As of the date of this opinion, Plaintiff has not filed proof of service as to either MERS or Bravo.[5]

Pending before the court is Defendant DLJ Mortgage Capital, Inc.'s Motion to Dismiss (Docket Entry No. 5). For the reasons stated below, DLJ's Motion to Dismiss will be granted.

## I. **Background**

On October 12, 2007, Campbell executed a Texas Home Equity Note (the "Note") in favor of Bravo Credit.[6] That same day Campbell and his wife, Julia A. Browder, executed a Texas Home Equity Security Instrument (the "Deed of Trust").[7] The Deed of Trust identified Bravo Credit as the Lender and MERS as a nominee for Bravo and as the beneficiary under the security instrument.[8] Campbell alleges that, at some point, he fell ill and "contacted Lender and requested a modification or some type of an arrangement so as to reduce his payments," at which time "Lender's

---

[4]Notice of Removal, Docket Entry No. 1, p. 2 ¶7.

[5]See also Joint Discovery/Case Management Plan, Docket Entry No. 11, p. 2 ¶5 (stating that as of January 27, 2015, "service is not complete on Mortgage Electronic Registration Systems, Inc. or Bravo Credit").

[6]Texas Home Equity Note, Exhibit A-1 to Original Petition & Application for Temporary Restraining Order ("Original Petition"), Exhibit B to Notice of Removal, Docket Entry No. 1-1, p. 18.

[7]Texas Home Equity Security Instrument, Exhibit A-2 to Original Petition, Exhibit B to Notice of Removal, Docket Entry No. 1-1, p. 23.

[8]Id. at 24.

representatives told Plaintiff to just stop making payments," which Campbell did.[9]

MERS, as nominee for Bravo Credit, assigned the Deed of Trust to DLJ in an assignment filed with the Harris County Clerk on July 5, 2012, (the "Assignment").[10]  On February 27, 2013, DLJ filed a home equity foreclosure action in Harris County District Court under Texas Rule of Civil Procedure 736.[11]

On or about September 3, 2013, a trustee's sale was held at which DLJ purchased the Property for $300,000.[12]  On or about June 27, 2014, a writ of possession was issued in favor of DLJ.[13] On August 8, 2014, Campbell filed an Original Petition & Application for Temporary Restraining Order in the 152nd Judicial District of Harris County.[14]  The court entered a temporary

---

[9]Original Petition, Exhibit B to Notice of Removal, Docket Entry No. 1-1, p. 4 ¶10.

[10]Assignment of Deed of Trust, Exhibit C to Original Petition, Exhibit B to Notice of Removal, Docket Entry No. 1-1, pp. 43–45.

[11]Original Petition, Exhibit B to Notice of Removal, Docket Entry No. 1-1, p. 4 ¶13; Defendant DLJ Mortgage Capital, Inc.'s Motion to Dismiss ("Motion to Dismiss"), Docket Entry No. 5, p. 2 ¶4.

[12]See Foreclosure Sale Deed, Exhibit 1 to Motion to Dismiss, Docket Entry No. 5-1.

[13]See 24 Hour Courtesy Notice to Vacate, Exhibit D to Original Petition, Exhibit B to Notice of Removal, Docket Entry No. 1-1, p. 46.

[14]Original Petition, Exhibit B to Notice of Removal, Docket Entry No. 1-1, p. 2.

restraining order enjoining Defendants from pursuing a writ of possession against Campbell's Property.[15]  Campbell and DLJ entered into a Rule 11 Agreement on September 9, 2014, agreeing that DLJ would not execute its writ of possession for 30 days.[16]  DLJ removed the action to this court on October 1, 2014,[17] and it filed a Motion to Dismiss the same day.[18] Campbell filed his response on December 10, 2014.[19]

## II.  **Applicable Law**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief may be granted tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001).  The court must accept the factual allegations of the complaint as true, view them

---

[15]Temporary Restraining Order & Order Setting Hearing for Preliminary Injunction, Exhibit C to Notice of Removal, Docket Entry No. 1-1, pp. 53–54.

[16]Letter from Jonathan M. Williams to Jeffrey S. Kelly (Sept. 9, 2014), Exhibit F to Notice of Removal, Docket Entry No. 1-1, p. 62.

[17]Notice of Removal, Docket Entry No. 1.

[18]Motion to Dismiss, Docket Entry No. 5.

[19]Plaintiff's Response to Defendants Motion to Dismiss ("Plaintiff's Response"), Docket Entry No. 10.

in a light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor.  Id.

> "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."

Swierkiewicz v. Sorema N.A., 122 S. Ct. 992, 997 (2002) (quoting Scheuer v. Rhodes, 94 S. Ct. 1683, 1686 (1974)).  To avoid dismissal a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).  Plausibility requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  Id. (quoting Twombly, 127 S. Ct. at 1966) (internal quotation marks omitted).  The court will "'not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.'"  Ferrer v. Chevron Corp., 484 F.3d 776, 780 (5th Cir. 2007) (quoting Plotkin v. IP Axess Inc., 407 F.3d 690, 696 (5th Cir. 2005)).  "[D]ismissal is proper if the complaint lacks an

allegation regarding a required element necessary to obtain relief." Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill, 561 F.3d 377, 384 (5th Cir. 2009).

When considering a motion to dismiss courts are generally "limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC, 594 F.3d 383, 387 (5th Cir. 2010) (citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000)). In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." Norris v. Hearst Trust, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)). When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss, the court has "complete discretion" to either accept or exclude the evidence for purposes of the motion to dismiss. Isquith ex rel. Isquith v. Middle South Utilities, Inc., 847 F.2d 186, 194 n.3 (5th Cir. 1988). However, "[i]f . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56" and "all parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Plaintiff has attached copies of the Note, Deed of Trust, Assignment, and other documents to his Original Petition. "A

written document that is attached to a complaint as an exhibit is considered part of the complaint and may be considered in a 12(b)(6) dismissal proceeding." Ferrer v. Chevron Corp., 484 F.3d at 780.   Accordingly, the court may consider these documents without converting the motion to dismiss to a motion for summary judgment.

### III.   **Analysis**

A.   **Claims based on invalidity of assignment and lack of standing to foreclose.**

Campbell argues that DLJ lacked standing to foreclose because its security interest was void and DLJ was in violation of the terms of the Deed of Trust.[20]  He therefore seeks declaratory and injunctive relief,[21] and he has asserted claims for trespass to try title and to remove cloud and quiet title.[22]  Campbell also makes some reference to lack of standing to foreclose in support of his claims for breach of contract,[23] tortious interference with contract,[24] fraud,[25] and violations of the Texas Debt Collection

---

[20]See Original Petition, Exhibit B to Notice of Removal, p. 8 ¶24.

[21]See id.

[22]See id. at 9-10 ¶26

[23]See Plaintiff's Response, Docket Entry No. 10, p. 10 ¶24.

[24]See Original Petition, Exhibit B to Notice of Removal, Docket Entry No. 1-1, p. 11 ¶30.

[25]See id. at 11 ¶31, 13 ¶32; Plaintiff's Response, Docket Entry No. 10, pp. 10 ¶24, 14 ¶29.

Practices Act ("TDCPA")[26] and Texas Deceptive Trade Practices Act ("DTPA").[27]   To the extent that Campbell's claims are based on DLJ's alleged lack of standing to foreclose, they fail as a matter of law and will be dismissed.

As Campbell states in his Response, "[t]he crux of Plaintiffs' claim is that none of the defendants can show a proper chain of title to establish a right to foreclose under the Texas Property Code as mortgagee or mortgage servicer."[28]   Campbell has not pleaded facts sufficient to support this claim, and the documents attached to his Original Petition support the opposite conclusion: at the time of foreclosure, DLJ was the current mortgagee and, as such, had standing to foreclose under the Texas Property Code.

Campbell signed a Note in favor of Bravo Credit.[29]   The Note was secured by a Deed of Trust that identified the "Lender" as Bravo Credit and MERS as "a nominee for Lender" and as "the

---

[26]See Original Petition, Exhibit B to Notice of Removal, Docket Entry No. 1-1, p. 14 ¶34.

[27]See id. at 15 ¶39; see also Plaintiff's Response, Docket Entry No. 10, p. 10 ¶24 ("Defendant, fully knowing they lacked said right but ignoring same, tortuously [sic] interfered with a contract, breached contract, and committed fraud by moving forward with an attempted non-judicial foreclosure.")

[28]Plaintiff's Response, Docket Entry No. 10, p. 6 ¶17.

[29]Original Petition, Exhibit B to Notice of Removal, Docket Entry No. 1-1, p. 3 ¶9; Texas Home Equity Note, Exhibit A-1 to Original Petition, Exhibit B to Notice of Removal, Docket Entry No. 1-1, pp. 18, 21.

beneficiary under this Security Instrument."[30]   MERS, as nominee for Bravo Credit, assigned the Deed of Trust to defendant DLJ and recorded the assignment with the Harris County Clerk.[31]   As the last party of record to whom the security interest was assigned, DLJ was a "mortgagee" and had authority to foreclose under the Texas Property Code.   See Tex. Prop. Code § 51.0001; Farkas v. GMAC Mortg., L.L.C., 737 F.3d 338, 342 (5th Cir. 2013).   DLJ also appears to have been in possession of the Note, indorsed in blank.[32]

---

[30]Texas Home Equity Security Instrument, Exhibit A-2 to Original Petition, Exhibit B to Notice of Removal, Docket Entry No. 1-1, pp. 23, 24.

[31]Original Petition, Exhibit A-2 to Notice of Removal, p. 4 ¶11; Assignment of Deed of Trust, Exhibit C to Original Petition, Exhibit A-2 to Notice of Removal, Docket Entry No. 1-1, pp. 43-44. Campell appears to argue in his Response that the assignment should be disregarded because it was not recorded.   See Plaintiff's Response, Docket Entry No. 10, p. 9 ¶22.   This is directly refuted by the recorded assignment Campbell attached to his Original Petition and Campbell's assertion in the Original Petition that MERS "filed" the assignment.   See Original Petition, Exhibit A-2 to Notice of Removal, Docket Entry No. 1-1, p. 4 ¶11.

[32]See Texas Home Equity Note, Exhibit A-1 to Original Petition, Exhibit B to Notice of Removal, Docket Entry No. 1-1, p. 22.   A footnote in Campbell's Response suggests that DLJ was not entitled to enforce the note because it was indorsed in blank, and "[t]his amounts to a Judicial Admission that [] Defendant DLJ did not have standing to conduct the foreclosure."   Docket Entry No. 10, p. 1 n.1.   Notwithstanding Campbell's novel interpretation of the Texas Business and Commerce Code, see Whittier v. Ocwen Loan Servicing, L.L.C., No. 13-20639, 2014 WL 6791382, at *2 (5th Cir. Dec. 3, 2014) ("Under Texas law, a bank in possession of a note indorsed in blank is entitled to collect on it."), whether or not DLJ was entitled to enforce the note is irrelevant, see Martins v. BAC Home Loans Servicing, L.P., 722 F.3d 249, 255 (5th Cir. 2013). Campbell's argument is without merit.

In his Original Petition, Campbell alleges that the Assignment to DLJ by MERS is "bogus and ineffective" because in the Deed of Trust "MERS is not listed nor defined as the Lender nor its nominee."[33] This is directly controverted by the copy of the Deed of Trust attached to Campbell's Original Petition.[34] Campbell also states that "the assignment was prepared and filed by Brown & Associates a foreclosure mill."[35] This is not factual content that allows the court to draw the reasonable inference that the assignment is somehow ineffective or void.

In his Response, Campbell argues that "Defendant MERS does not have power or authority to be a holder and/or owner of Plaintiffs' mortgage, let alone have the authority to assign an interest in it."[36] Campbell cites a District Court case from New York,[37] but ignores controlling authority to the contrary. The Fifth Circuit has held that assignments of mortgages through MERS are valid and enforceable under Texas law. Singha v. BAC Home Loans Servicing,

---

[33]Original Petition, Exhibit A-2 to Notice of Removal, Docket Entry No. 1-1, p. 4 ¶12.

[34]That the Deed of Trust does not create a defined term "Nominee" does not negate its specifications that MERS is acting "as a nominee for Lender" and that "MERS is the beneficiary under this Security Instrument." See Texas Home Equity Security Instrument, Exhibit A-2 to Original Petition, Exhibit B to Notice of Removal, Docket Entry No. 1-1, p. 24.

[35]Id.

[36]Plaintiff's Response, Docket Entry No. 10, p. 7 ¶18.

[37]See id. at 7 n.11.

L.P., 564 Fed. App'x 65, 68 (5th Cir. 2014) (citing <u>Martins v. BAC</u>
<u>Home Loans Servicing, L.P.</u>, 722 F.3d 249, 253 (5th Cir. 2013)).
Furthermore, Campbell lacks standing to challenge the validity of
the Assignment because he has pleaded no facts supporting an
inference that he was an intended third-party beneficiary of the
Assignment. <u>See id.</u> (citing <u>Reinagel v. Deutsche Bank Nat'l Trust</u>
<u>Co.</u>, 735 F.3d 220, 228 (5th Cir. 2013)). As such, all of
Campbell's claims based on the invalidity of the Assignment and
DLJ's lack of standing to foreclose fail as a matter of law.

## B.   **Wrongful Foreclosure**

Campbell's Original Petition states that Campbell is pursuing
a cause of action for wrongful foreclosure, but it does not recite
the elements of such a claim or connect them to facts alleged in
the Petition.[38]  The elements of a claim for wrongful foreclosure
are "(i) a defect in the foreclosure sale proceedings; (ii) a
grossly inadequate selling price; and (iii) a causal connection
between the defect and the grossly inadequate selling price."
<u>Miller v. BAC Home Loans Servicing, L.P.</u>, 726 F.3d 717, 726 (5th
Cir. 2013) (internal quotation marks and citation omitted). While
neither party has addressed these elements in their briefing,
Campbell makes some reference to defective notice prior to

---

[38]<u>See</u> Original Petition, Exhibit B to Notice of Removal, Docket
Entry No. 1-1, p. 6 ¶19a; <u>see also</u> Plaintiff's Response, Docket
Entry No. 10, p. 6 n.10 ("Plaintiff has properly pled said claims
throughout its petition as wrongful foreclosure . . . .").

foreclosure in his Original Petition.[39]   However, he has neither alleged a grossly inadequate selling price nor pleaded facts supporting an inference of causation.  Campbell has therefore not pleaded a plausible claim for wrongful foreclosure under Texas law.

## C.   Breach of Contract

Campbell's Original Petition provides only a formulaic recitation of the elements of a breach of contract claim and is therefore insufficient to state a claim for relief.[40]   In his Response, Campbell states: "If Plaintiff had a valid contract with Defendant DLJ then it was breached by Defendant DLJ when they moved to wrongfully foreclose on the Plaintiff and violated paragraphs 21 and 18 of [the Deed of Trust], the valid contract Plaintiff signed with Defendant Bravo."[41]   As discussed above, Campbell's arguments based on DLJ's standing to foreclose fail as a matter of law. Campbell's Response does not illuminate how facts pleaded in the Original Petition otherwise make out a claim for breach of contract.  Campbell has not pleaded a plausible claim for breach of contract.

---

[39]See Original Petition, Exhibit B to Notice of Removal, Docket Entry No. 1-1, p. 4 ¶¶13–14.

[40]See id. at 9 ¶27.

[41]Plaintiff's Response, Docket Entry No. 10, pp. 10–11 ¶25.

**D.    Claims based on alleged statements about loan modification.**

Campbell's Original Petition states that "Plaintiff contacted Lender and requested a modification or some sort of an arrangement so as to reduce his payments during his illness," and that "Lender's representatives told Plaintiff to just stop making payments," which Campbell did.[42]   In his Response, Campbell characterizes this exchange as "a representation that the Plaintiff would qualify for a loan modification," and that "Plaintiff would not be required to make payments while he was undergoing cancer treatments."[43]  Based on these factual allegations, Campbell asserts causes of action for negligent misrepresentation, fraud, promissory estoppel, and violation of the DTPA.

As a threshold issue, it is not clear who Campbell is accusing of making misrepresentations about modifying his loan.  Campbell's Original Petition defines "Lender" in the above factual allegations as Bravo, not DLJ.[44]   The Original Petition also seems to suggest that the Deed of Trust was assigned to DLJ _after_ Campbell stopped making payments, though this is not clear.[45]  However, Campbell's claims for negligent misrepresentation, fraud, promissory estoppel,

---

[42]Original Petition, Exhibit B to Notice of Removal, Docket Entry No. 1-1, p. 4 ¶ 10.

[43]Plaintiff's Response, Docket Entry No. 10, p. 15 ¶31.

[44]See Original Petition, Exhibit B to Notice of Removal, Docket Entry No. 1-1, p. 3 ¶9.

[45]See _id._ at 4 ¶¶10-11.

-13-

and violation of the DTPA refer generally to "Defendant" or "Defendants."[46]  In its Motion to Dismiss, DLJ has treated these factual allegations as though they pertained to representations by DLJ.[47]  Campbell's Response also attributes these representations to DLJ,[48] even though the "Facts" section of the Response attributes the representations to "Lender," defined as "Bravo Credit."[49]

For purposes of ruling on DLJ's Motion to Dismiss, the court will assume that these allegations pertain to DLJ.  Even if Bravo were properly joined as a defendant, the court would have applied the same analysis and reached the same conclusion: Campbell has failed to plead plausible claims for relief based on alleged misrepresentations about modifying his loan.[50]

1.  <u>Negligent Misrepresentation</u>

Campbell's claim for negligent misrepresentation fails because "'[a] promise to act or not in the future cannot form the basis of a negligent misrepresentation claim.'" <u>Bancroft Life & Cas. ICC, Ltd. v. GRBR Ventures, L.P.</u>, No. H-12-2252, 2014 WL 1322984 (S.D.

---

[46]<u>See</u> <u>id.</u> at 10 ¶29, 12 ¶31, 13 ¶33, 15 ¶39.

[47]<u>See</u> Motion to Dismiss, Docket Entry No. 5, pp. 14 ¶33, 16 ¶38,

[48]<u>See</u> Plaintiff's Response, Docket Entry No. 10, pp. 13 ¶27, 15 ¶31

[49]<u>See</u> <u>id.</u> at 1-2 ¶¶2-3.

[50]To the extent that claims for relief addressed in this section are premised on DLJ's alleged lack of standing to foreclose, those claims fail for the reasons discussed in Section III.B above.

Tex. Mar. 31, 2014) (quoting <u>Roof Sys., Inc. v. Johns Manville Corp.</u>, 130 S.W.3d 430, 439 (Tex. App.—Houston [14th Dist.] 2004, no pet.)); <u>see also</u> <u>James v. Wells Fargo Bank, N.A.</u>, 533 Fed. App'x 444, 448 (5th Cir. 2013). "The false information complained of in a negligent-misrepresentation claim 'must be a misstatement of an existing fact rather than a promise of future conduct.'" <u>DeFranceschi v. Wells Fargo Bank, N.A.</u>, 837 F. Supp. 2d 616, 625 (N.D. Tex. 2011) (quoting <u>Scherer v. Angell</u>, 253 S.W.3d 777, 781 (Tex. App.—Amarillo 2007, no pet.)), <u>aff'd</u>, 477 Fed. Appx. 200 (5th Cir. 2012). "[A] promise to modify [a] note and delay foreclosure in the future is not a statement of existing fact."   <u>Id.</u> Campbell's negligent misrepresentation claim therefore fails as a matter of law.

    2.   <u>Fraud</u>

Campbell titles his fraud claim "Statutory Fraud/Fraud in Real Estate," but he both refers to statutory fraud under Tex. Bus. & Com. Code. § 27.01(a)(2) and recites the elements of common law fraud as articulated by the Texas Supreme Court.[51]   Campbell's Response seems to suggest that the statutory fraud claim pertains to alleged statements about loan modification, while the common law fraud claim pertains to DLJ's lack of standing to foreclose.[52]   To the extent that any of Campbell's claims are based on his lack-of-

---

    [51]<u>See</u> Original Petition, Exhibit B to Notice of Removal, Docket Entry No. 1-1, pp. 11-12 ¶¶31-32.

    [52] <u>See</u> Plaintiff's Response, Docket Entry No. 10, pp. 13-14 ¶¶28-29.

standing allegations addressed above, they fail as a matter of law. To the extent that Campbell's fraud claims are based on alleged promises or misrepresentations surrounding modification of his loan, Campbell fails to make out a plausible claim for relief under the heightened pleading standards of Federal Rule of Civil Procedure 9(b).

Under Rule 9(b) a complaint must "state with particularity" circumstances alleged to constitute fraud. "This Circuit's precedent interprets Rule 9(b) strictly, requiring the plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp., 565 F.3d 200, 207 (5th Cir. 2009) (internal quotation marks and citation omitted). "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." U.S. ex rel. Doe v. Dow Chem. Co., 343 F.3d 325, 328 (5th Cir. 2003) (internal quotation marks and citation omitted).

The elements of fraud under Tex. Bus. & Com. Code § 27.01(a)(2) are a "false promise to do an act, when the false promise is (A) material; (B) made with the intention of not fulfilling it; (C) made to a person for the purpose of inducing that person to enter into a contract; and (D) relied on by that person in entering into that contract."

The elements of common law fraud in Texas are "(1) the defendant made a material misrepresentation; (2) the defendant knew the representation was false or made the representation recklessly without any knowledge of its truth; (3) the defendant made the representation with the intent that the other party would act on that representation or intended to induce the party's reliance on the representation; and (4) the plaintiff suffered an injury by actively and justifiably relying on that representation." Exxon Corp. v. Emerald Oil & Gas Co., L.C., 348 S.W.3d 194, 217 (Tex. 2011).

Campbell alleges that "Lender's representatives told Plaintiff to just stop making payments," which Campbell did.[53]  Since it is unclear which defendant is even being accused of fraud, Campbell has failed to set forth the who, what, when, where, and how of his claim.  Furthermore, Campbell fails to either identify an alleged promise that was meant to induce him into entering a contract or to specify why the alleged statement was a misrepresentation. Campbell alleges, more generally, that Defendants "made numerous material false promises with the intention not to fulfill and made with purpose to induce the plaintiff to stop making payments thereby lulling Plaintiff into default so Defendants could

---

[53]Original Petition, Exhibit B to Notice of Removal, Docket Entry No. 1-1, p. 4 ¶ 10.

foreclose to Plaintiff's detriment."[54]   These allegations fall far short of meeting the heightened pleading requirements of Rule 9(b), and Campbell has failed to plead a plausible claim for either statutory or common law fraud.

      3.   Promissory Estoppel

While primarily a defensive theory, promissory estoppel is also a cause of action available to a promisee who has acted to his detriment in reliance on an otherwise unenforceable promise. Deuley v. Chase Home Fin. LLC, No. H-05-04253, 2006 WL 1155230, at *4 (S.D. Tex. Apr. 26, 2006) (citing Ford v. City State Bank of Palacios, 44 S.W.3d 121, 140 (Tex. App.—Corpus Christi 2001, no pet.).   Campbell alleges that "Defendant representative made a promise to allow Plaintiff to stop making payments during his illness," that it was foreseeable that Campbell would rely on this promise, and that Campbell did rely, to his detriment.[55]

Nevertheless, under Texas law, an agreement to modify a loan of more than $50,000 is subject to the statute of frauds and must be in writing to be valid. Martins, 722 F.3d at 256; see Tex. Bus. Com. Code § 26.02.   "Promissory estoppel may overcome the statute-of-frauds requirement in Texas, but there must have been a promise to sign a written contract which had been prepared and which would satisfy the requirements of the statute of frauds."

---

[54]Id. at 12 ¶31.

[55]Id. at 13 ¶33.

<u>Martins</u>, 722 F.3d at 256  (internal quotation marks and citation omitted).   Thus, "to succeed on a promissory estoppel claim, a plaintiff must introduce evidence demonstrating that a defendant promised to reduce a modification to a writing that would comply with the Statute of Frauds."   <u>Whittier v. Ocwen Loan Servicing, L.L.C.</u>, No. 13-20639, 2014 WL 6791382, at *4 (5th Cir. Dec. 3, 2014).   Because Campbell has not alleged that DLJ promised to reduce to writing an agreement allowing him to stop making payments, Campbell fails to plead a plausible claim for promissory estoppel.

Campbell argues that "[t]he loan modifications DLJ and Plaintiff contemplated [were] non-material and not subject to the statute of frauds because the parties merely contemplated an extension of time for Plaintiff to make principal and interest payments under the note."[56]   It is true that "[a]n exception to the requirement that oral modifications of certain contracts be in writing may arise when the parties to a written contract 'agree orally to extend the time of performance, so long as the oral agreement is made before the expiration of the written contract.'"   <u>Deuley</u>, 2006 WL 1155230, at *2 (quoting <u>Triton Commercial Properties, Ltd. v. Norwest Bank Texas, N.A.</u>, 1 S.W.3d 814, 818 (Tex. App.—Corpus Christi 1999, pet. denied).   However, the Texas statute of frauds applies to agreements "to loan <u>or delay repayment</u>

_____

[56]Plaintiff's Response, Docket Entry No. 10, p. 13 ¶27.

of money." Tex. Bus. & Com. Code § 26.02(a)(2) (emphasis added). Thus, forbearance agreements are subject to the statute of frauds. Langlois v. Wells Fargo Bank Nat. Ass'n, 581 Fed. App'x 421, 425 (5th Cir. 2014); see also Johnson v. CitiMortgage, Inc., No. 3:14-CV-1794-M-BH, 2015 WL 269970, at *4 (N.D. Tex. Jan. 21, 2015) ("Any oral agreement to delay foreclosure is a material alteration of the deed of trust because an agreement to delay repayment falls under the statute of frauds.") Campbell's argument is without merit, and his promissory estoppel claim is subject to the statute of frauds.

    4.   DTPA

Campbell alleges that "Defendants" violated the Texas Deceptive Trade Practices Act ("DTPA") by making deliberate and intentional misrepresentations and by violating the Texas Debt Collection Practices Act ("TDCPA"), which is a tie-in statute for the DTPA. However, because Campbell is not a "consumer" as required by the DTPA his claims fail as a matter of law.

"The elements of a DTPA claim are: '(1) the plaintiff is a consumer, (2) the defendant engaged in false, misleading, or deceptive acts, and (3) these acts constituted a producing cause of the consumer's damages.'" Felchak v. JP Morgan Chase Bank, N.A., No. H-12-2847, 2013 WL 1966972, at *3 (S.D. Tex. May 10, 2013) (quoting Doe v. Boys Clubs of Greater Dallas, Inc., 907 S.W.2d 472, 478 (Tex. 1995)). "To be a 'consumer' under the DTPA, a person

'must seek or acquire goods or services by lease or purchase' and 'the goods or services sought or acquired must form the basis of [that person's] complaint.'" <u>Id.</u> (quoting <u>Fix v. Flagstar Bank, FSB</u>, 242 S.W.3d 147, 159 (Tex. App.—Fort Worth 2007, pet. denied)). "Usually a loan transaction cannot be challenged under the DTPA because the plaintiff sought or acquired money, which is not a good or a service." <u>Whittier v. Ocwen Loan Servicing, LLC</u>, No. H-12-3095, 2013 WL 5425294, at *7 (S.D. Tex. Sept. 25, 2013) <u>aff'd</u>, No. 13-20639, 2014 WL 6791382 (5th Cir. Dec. 3, 2014). "A mortgage loan is not within the DTPA when the loan, rather than the property sought to be purchased, is the basis of the plaintiff's complaint." <u>Id.</u> (citing <u>Miller</u>, 726 F.3d 717, 725-26 (5th Cir. 2013).

Campbell argues that, as a home buyer, he is a "consumer" for DTPA purchases because "Defendants, being a mortgage company and/or lender, are inextricably intertwined with the purchase of the home."[57]  While a home buyer may, under certain circumstances, qualify as a consumer, he "must still demonstrate [that] his purchase of a home forms the basis of his complaint and that [Defendant's] alleged violations of the DTPA arose out of the transaction in which [Plaintiff] purchased the home." <u>Yetiv v. Chase Home Fin. LLC</u>, 4:11-CV-01250, 2012 WL 112597, at *7 (S.D. Tex. Jan. 11, 2012) (internal quotation marks and citations omitted).

───────────────

[57]Plaintiff's Response, Docket Entry No. 10, p. 14 ¶30.

Here, Campbell's DTPA claim "is not premised on any deceptive act related to the past original loan transaction." See Davis v. Wells Fargo Bank, N.A., No. 6-11-CV-47, 2013 WL 5488448, at *13 (S.D. Tex. Sept. 30, 2013), on reconsideration, No. 6:11-CV-00047, 2014 WL 585403 (S.D. Tex. Feb. 14, 2014). Instead, Campbell "complain[s] of 'acts occurring years after the financing transaction' -- Defendants' subsequent loan servicing and foreclosure activities -- that are incidental to the original purchasing objective." See id. (quoting Gatling v. CitiMortgage, Inc., No. H-11-2879, 2012 WL 3756581, at *13 (S.D. Tex. Aug. 28, 2012)). Such claims do not give rise to DTPA liabilty. See Miller, 726 F.3d 717, 725 (5th Cir. 2013) (holding that plaintiffs were not consumers because their DTPA claim was "based entirely on their attempted modification of [the] loan"); Hutchinson v. Bank of Am., N.A., No. H-12-3422, 2013 WL 5657822, at *5 (S.D. Tex. Oct. 16, 2013) ("Because the basis of plaintiff's claim is the loan and foreclosure, and not the property for which the loan was acquired, plaintiff has not created a fact question as to his status as a consumer."); Gatling, 2012 WL 3756581, at *13 ("[Plaintiff's] DTPA claim, however, is not premised on [Defendant's] allegedly deceptive acts 'related to financing the purchase of [Plaintiff's] house, but rather, [Plaintiff] complains the Bank wrongfully foreclosed on [Plaintiff's] property.' . . . The DTPA does not apply to such a claim."). Because the basis of

-22-

Campbell's claim is subsequent loan servicing and foreclosure activities, rather than the goods or services acquired in the original loan transaction, he is not a consumer under the DTPA, and his claim fails as a matter of law.

**D.   TDCPA**

In his Original Petition, Campbell alleges that "Defendant is in violation of the Texas Debt Collection Practices Act (TDCPA) in that they allowed and authorized a third party debt collector to violate the TDCPA despite the fact that Defendant has no standing or authority to collect the indebtedness evidence by the note or to act on behalf of the holder and owner thereof."[58]   It is not clear to which defendant this allegation pertains.   Campbell concludes this section of his Petition by stating "Defendant PlainsCapital instructed and allowed a Debt Collector to violate the TDCPA."[59] PlainsCapital is not a defendant in this action.   Equally perplexing, Campbell devotes four full paragraphs to the argument that "Defendant cannot claim attorney immunity from the TDCPA applying to their firm."[60]   None of the defendants in this case is a law firm.   Campbell has not pleaded any factual content that allows for a reasonable inference that any defendant in this case

---

[58]Original Petition, Exhibit B to Notice of Removal, Docket Entry No. 1-1, p. 14 ¶34.

[59]Id. at 15 ¶38.

[60]See id. at 14-15 ¶¶35-38.

-23-

is liable for the misconduct alleged.   Perhaps recognizing this, Campbell has not addressed the TDCPA claim in his Response. Campbell has not pleaded a plausible claim for relief under the TDCPA.

### III.   <u>Conclusions and Order</u>

For the reasons stated above, the court concludes that Campbell has failed to state a claim for which relief can be granted.   Accordingly, Defendant DLJ Mortgage Capital, Inc.'s Motion to Dismiss (Docket Entry No. 5) is **GRANTED** and Campbell's claims against DLJ will be dismissed with prejudice.


**SIGNED** at Houston, Texas, this 5th day of February, 2015.


SIM LAKE
UNITED STATES DISTRICT JUDGE